# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Alex Rios,<br>    Petitioner,<br><br>v.<br><br>Gene Johnson,<br>    Respondent. | 1:09cv919 (LO/TRJ) |

FILED
SEP 1 3 2010

## MEMORANDUM OPINION

Alex Rios, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the sentence imposed following his convictions of possession of cocaine and other offenses in the Circuit Court of Stafford County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer with a supporting brief and exhibits. Rios was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, Rios' claims must be dismissed. Petitioner's Motion to Appoint Counsel also must be denied.

### I. Background

On April 30, 2007, Rios pleaded guilty to charges of possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, and assault and battery of a police officer. The court sentenced Rios to an aggregate of 26 years in prison, with 18 years and six months suspended, for a total active sentence of seven years and six months incarceration. Petitioner's motion for reconsideration of the sentence imposed was denied on May 18, 2007. Circuit Court Case

Nos. CR06000536-00, -02, -03.

On direct appeal to the Court of Appeals of Virginia, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. As possible error, counsel suggested that the trial court had abused its discretion in denying Rios' motion for expert DNA assistance. In an opinion entered December 13, 2007, the appellate court found that by entering unconditional *nolo contendere* pleas to the offenses, Rios had waived all defenses save lack of jurisdiction, and thus had foreclosed the opportunity to appeal the trial court's denial of his pretrial motion for appointment of a DNA expert. Accordingly, the court deemed the appeal "wholly frivolous," denied the appeal, and allowed counsel to withdraw. Rios v. Commonwealth, R. No. 1274-07-4 (Va. Ct. App. Dec. 13, 2007). Rios did not seek further review in the Virginia Supreme Court.

On December 11, 2008, Rios submitted a petition for a state writ of habeas corpus to the Virginia Supreme Court, alleging that he had received ineffective assistance at sentencing because his attorney failed to present evidence regarding mistakes in the presentence investigation report as to Rios' criminal history. Rios also contended that the trial court erred when it reviewed two sentencing guidelines recommendations that allegedly had been prepared incorrectly. On July 9, 2009, the Court rejected Rios' claim of ineffective assistance on the merits, and found that his claim of error by the sentencing judge was not cognizable in a petition for a writ of habeas corpus. Rios v. Director, Dep't of Corrections, R. No. 082595 (Va. July 9, 2009). Resp. Att. 5.

Rios timely filed this federal petition on July 29, 2009,[1] essentially reiterating the same

---

[1] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Rios certified that his

2

claims he made in his habeas application to the Virginia Supreme Court. Respondent has filed a Motion to Dismiss Rios' claims, and Rios has filed no reply. Based on the pleadings and record before this Court, it appears that Rios has exhausted his claims as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the

---

petition was placed in the prison mailing system on July 29, 2009, Pet. at 15, and it was date-stamped as received by the Clerk on July 30, 2009. Pet. at 1.

[2]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

3

federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first claim, Rios contends that he received ineffective assistance of counsel at sentencing because his attorney failed to present evidence that certain offenses listed in the presentence investigation report were committed not by Rios but rather by an individual named Luis Hernandez whose name Rios had used an alias. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir.

4

1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Rios made the same claim he makes here in his application for state habeas corpus relief, the Virginia Supreme Court rejected his argument for the following reasons:

> [P]etitioner alleges he was denied the effective assistance of counsel because counsel allegedly failed to correct mistakes in petitioner's pre-sentence report. Petitioner contends the report contained information about convictions that did not belong to him, but instead belonged to a Luis Hernandez. According to petitioner, some convictions, specifically 'DUI/Reckless Driving and Felony Child Abuse/Contributing to a Minor' convictions were mistakenly attributed to petitioner because he had used the name 'Luis Hernandez' as an alias in the past. Petitioner provides an affidavit from Luis Hernandez in which Hernandez admits that the convictions in question were his and that Hernandez was present during petitioner's sentencing hearing but was never called by counsel to testify. Petitioner contends that counsel's failure to call Hernandez or

5

otherwise correct the pre-sentence report was prejudicial because the court discussed petitioner's criminal history, including the driving under the influence charge which resulted in a reckless driving conviction, before it sentenced petitioner.

The Court holds that this ... claim satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the transcript from the sentencing hearing and the affidavit of counsel, demonstrates that counsel informed the court that the contributing to the delinquency of a minor conviction actually belonged to Luis Hernandez. Furthermore, the circuit court relied on petitioner's undisputedly extensive criminal record when it sentenced petitioner in excess of the recommended guidelines. The circuit court noted:

> Your record in Virginia starts in 1996, eleven years ago. Your responsibility across the board. Failure to stop at the scene of an accident, no operator's license, different names throughout the period of your life here. Many, many different names, different descriptions. It looks like you have six or seven driving suspended, a couple of DUIs - one DUI and DUI turned into a reckless driving. Substance abuse issues across the board. Perjury convictions, forgery, failure to appear, violation of probation, one irresponsible act after another right across the board.
>
> Then you beat up on a police officer, possess with intent to distribute - found guilty of that. I know you didn't - you have an Alford plea and denied it somehow and admitted that the gun was yours but you're found guilty of an Alford plea on all those charges. Frankly, I just don't feel very sorry for you.
>
> I want you to know that the last sentencing guidelines, those sent to me this past week ... are noted as the sentencing guidelines ... I have reviewed the guidelines. I've soul searched through the guidelines, and I don't think your case is a guidelines case. I'm going to deviate from the guidelines.

Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for

6

> counsel's alleged errors, the result of the proceeding would have been different.
>
> In another portion of claim (a), petitioner alleges he was denied effective assistance of counsel because, at the sentencing hearing, counsel failed to challenge a number of aliases that the pre-sentence report indicated petitioner had previously used. Petitioner contends that the only alias he ever used was 'Luis Hernandez,' and that the other aliases contained in the report were ones used by the real Luis Hernandez. Petitioner contends he was prejudiced because the court referenced the many different aliases contained in the pre-sentence report when it sentenced petitioner above the recommendation in the sentencing guidelines.
>
> The Court holds that this portion of claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. Petitioner fails to provide any evidence to support his claim that he never used the aliases contained in the pre-sentence report. Additionally, as noted previously, the circuit court considered petitioner's extensive criminal history when it deviated from the recommended sentencing guidelines. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Rios v. Director</u>, slip op. at 1 - 4.

Petitioner has failed to carry his burden to demonstrate that the state courts' rejection of his first claim was contrary to or an unreasonable application of the controlling <u>Strickland</u> principles upon which the Virginia Supreme Court expressly relied, nor was it based on an unreasonable interpretation of the facts. In arriving at its decision, the Court considered an affidavit submitted by petitioner's counsel at sentencing, Ricardo Rigual, Esquire, who attested that although Luis Hernandez was present at the sentencing hearing, counsel elected not to call him to testify because Hernandez was a convicted felon whose credibility would be challenged. In addition, petitioner had advised counsel and had admitted to the court at the hearing that it was Mr. Hernandez who

7

suggested to petitioner that he use as an alias the name of Hernandez's son, Luis A. Hernandez Oquento. The son had sent a letter to the Commonwealth's Attorney advising of the fraud and identity theft petitioner had committed. Under the circumstances, counsel believed that "presenting evidence that would result in an extended examination of Mr. Hernandez by the Commonwealth concerning the details of the conspiracy and extent of the damage he and the Petitioner caused the son would be extremely detrimental - more detrimental than any benefit that would be derived - to the petitioner, especially in light of the evidence that was already before the court concerning the charges that he would have testified about, and the extent of [petitioner's] criminal record." Resp. Att. 2, Sub-Ex. 1 at ¶ b. Although Hernandez did not testify, counsel objected to the admission of the convictions at issue and proffered to the sentencing court that they were not those of petitioner. Id., ¶ c. Counsel also noted that petitioner had spent approximately ten (10) years living under an alias, and previously had been convicted of felony perjury and forgery associated with the use and identifying information of an alias. Id., ¶ d.

It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. In particular, decisions concerning the calling of witnesses are matters of strategy left to the attorney, and ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th Cir. 1977). In this case, it is apparent that counsel's decision not to call Luis Hernandez to testify at petitioner's sentencing was a sound tactical choice that cannot support habeas corpus relief. Goodson v. United States, 564 F.2d 1071 (4th Cir. 1977). Although counsel elected not to call Hernandez to testify, counsel argued at sentencing that a guidelines sentence would be appropriate, and he urged

8

the court to consider the non-violent nature of several of petitioner's past offenses, as well as his changed behavior during his most recent incarceration. Tr. Apr. 30, 2007 at 28 - 33. Moreover, given petitioner's extensive criminal history as recited by the sentencing court, petitioner has failed to show that he suffered prejudice as the result of counsel's alleged shortcomings. Even if the convictions of DUI/reckless driving and driving with a suspended license petitioner attributes to Hernandez had been eliminated from the presentence report, petitioner still had convictions that included drug possession, perjury, forgery, and violating probation. Thus, while petitioner speculates that his sentence would have been less had the court not relied in part on Hernandez's alleged convictions, the record does not support that supposition. See Burger v. Kemp, 483 U.S. 776, 793 (1987) (speculation does not prove prejudice under Strickland). Therefore, the Virginia Supreme Court's rejection of Rios' claim of ineffective assistance was neither contrary to nor an unreasonable application of the controlling federal law upon which it expressly relied, Strickland, supra, nor was it based on an unreasonable determination of the facts. Therefore, that same result must be reached here. Williams, 529 U.S. at 412-13.

It is unclear whether petitioner intends to assert a second claim in this federal proceeding. As "Ground One" of his § 2254 application, Rios simply wrote, "See Attachment - Memorandum." Pet. at 3. In the memorandum, under "Constitutional Questions Presented," Rios set out his claim of ineffective representation at sentencing. When discussing the prejudice he allegedly suffered as the result of counsel's performance, Rios refers to the state court's review of two incorrect sentencing recommendations as well as the correct report, and he asserts that the court was "influenced ... in its sentencing decision to the detriment of the [p]etitioner." Pet. Mem. at 4 - 5. Because petitioner made this same argument as a free-standing claim in his state habeas corpus

9

proceeding, and in deference to his pro se status, it will be assumed here that petitioner intended his argument regarding the court's alleged reliance on incorrect sentencing guidelines recommendations to be a separate claim for § 2254 relief.

When Rios asserted in his state habeas corpus proceeding that he was prejudiced when the sentencing court relied on incorrect sentencing recommendations, the Virginia Supreme Court rejected his argument on the following holding:

> In another portion of claim (a), petitioner alleges the trial court erred when it reviewed two previous sentencing guidelines recommendations prepared by the Department of Probation and Parole. Petitioner contends the two previous recommendations contained errors, which led to a higher sentencing recommendation. Reviewing these two recommendations along with a third corrected sentencing recommendation caused the trial court to be confused and influenced the final sentence the court imposed.
>
> The Court holds that this portion of claim (a) is not cognizable in a petition for a writ of habeas corpus. Va. Code § 19.2-298.01(F), which governs the use of discretionary sentencing guidelines, states that '[t]he failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any post-conviction relief.'

Rios v. Director, slip op. at 4.

As the respondent argues, under these circumstances, Rios' argument that the state sentencing court erroneously relied on incorrect sentencing guidelines recommendations is procedurally barred from federal review. "Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as the result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of

10

justice." McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000), cert. denied, 531 U.S. 1089 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). A state rule is adequate of it is "firmly established," James v. Kentucky, 466 U.S. 341, 348 (1984), and regularly and consistently applied by the state courts. Johnson v. Mississippi, 486 U.S. 578, 587 (1988).

Here, the Virginia Supreme Court explicitly determined that Rios' second claim was procedurally barred under an independent and adequate state procedural rule. After respondent argued that the claim consequently was also defaulted from federal review, Rios made no attempt to show cause and prejudice or that a fundamental miscarriage of justice would result if his claim were not reviewed. Accordingly, the claim that the sentencing court erred in relying in part on incorrect sentencing guidelines recommendations is procedurally barred from federal consideration on the merits. Cf. Harris, 489 U.S. at 260.

Lastly, also pending is a motion by petitioner for the appointment of counsel. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.").

A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures," and Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). As none of these circumstances is present here, and because it is now apparent that no court proceedings will be required to adjudicate petitioner's claims, his motion for appointment of counsel must be denied.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed. In addition, petitioner's Motion to Appoint Counsel will be denied. An appropriate Order shall issue.

Entered this 13th day of September 2010.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge